In July 1973, the plaintiff, Dr. Irving D. Wolfe, received an excepted appointment as a full-time physician in a Veterans Administration (va) Hospital, and executed an agreement that as a full-time VA physician he would not engage in outside professional activity for remuneration.
In the spring of 1974 plaintiff and Dr. Morton Rapoport, the hospital’s Chief of Medical Service, discussed the possibility of plaintiff entering private practice. Thereafter, on May 16,1974, Dr. Rapoport submitted a memorandum to the Professional Standards Board recommending that plaintiff be promoted to a Senior Grade Six position and that the new position be on a five-eighths part-time basis to allow Dr. Wolfe to enter into private practice. The Board approved the promotion recommendation on June 7, 1974, but the Board’s documentation reflected only plaintiffs promotion, and not a change in his position from that of a full-time physician under 38 U.S.C. §4104 to that of a part-time physician under 38 U.S.C. §4114. The "Notification of Personnel Action” that plaintiff received on July 7, 1974, reflected only his pay increase due to his promotion and not a change to part-time status. Thereafter, plaintiff began working in private practice while continuing to work at the va hospital and receiving payment as a full-time va employee.
On November 26, 1975, plaintiff executed a Special Pay Agreement that required him to remain in the va Department of Medicine and Surgery for four years beginning *894 October 12, 1975, in consideration of a physician pay bonus. By the terms of the agreement, in the event of voluntary failure to complete the first year of such service, the physician would refund the amount required by statute. During the processing of plaintiffs application for the physician bonus pay, the hospital’s personnel service was advised by the Chief of Staff that plaintiff was not entitled to the full bonus since he was only a part-time physician. At that time the hospital officials first became aware that plaintiff had been paid as a full-time physician since July, 1974.
An investigative panel appointed by the Hospital Director determined that plaintiffs continued acceptance of pay at the full-time rate after July, 1974, resulted in an overpayment in the amount of $16,455.24, and recommended that plaintiff be required to reimburse the va the total amount of the overpayment. On January 23, 1976, the Hospital Director informed plaintiff of the panel’s determination of overpayment, and advised him that it was the Fiscal Officer’s responsibility to collect the overpayment from plaintiffs future salary. Plaintiff rejected a proposed agreement for salary deductions and an adjustment of his retirement fund to liquidate the indebtedness over a two-year period. He advised the Hospital Director that he would not agree to any deduction and that he disputed the existence of any overpayment and thus any debt.
In an attempt to resolve the overpayment matter, a meeting was called by the District Counsel, Charles Yost, on February 13, 1976, which was attended by the plaintiff and his attorney, the Hospital Director, the Chief of Staff, the Chief of Medical Service, the Chief of Fiscal Service, the Personnel Officer, and the District Counsel. Mr. Yost provided plaintiff with copies of relevant va Manual provisions regarding pay administration and stated that if plaintiff had any question as to the accuracy of the overpayment, the Fiscal Officer would establish the accuracy of the calculations for him.
Upon being advised that plaintiff had been spending five to six hours a week on teaching activities at the University of Maryland Hospital pursuant to an affiliation agreement with the va Hospital, the va Hospital Director credited *895 plaintiff for an additional one-eighth part-time for the period from July, 1974, adjusting his indebtedness to $10,969.19 to reflect six-eighths part-time for the period in question.
In September, 1976, plaintiff voluntarily resigned from the va, thereby incurring a refund liability of $1,563.30 under the Special Pay Agreement he executed in November, 1975, due to his failure to complete one year in the va’s Department of Medicine and Surgery. The total debt asserted by the va was thus increased to $12,522.49, of which $6,636.44 was recouped by the va pursuant to 5 U.S.C. §5514 by deducting a total of $3,460.05 in partial repayments from plaintiffs salary prior to his resignation, and $3,176.39 from his termination lump sum annual leave payment.
The Civil Service Commission notified plaintiff on October 5,1976, that pursuant to the va’s "Request for Recovery of Debt Due the United States”, the full $5,886.05 to his credit in the retirement fund maintained by the Civil Service Commission had been paid to the VA due to the debt that he owed the government.
Plaintiffs request for waiver of the Special Pay liability under 38 U.S.C. §4118(e)(2)(A) and section 6(d) of the VA Circular 00-75-39 was denied by the Chief Medical Officer on December 17, 1976. On September 27, 1979, without a hearing, the Deputy Director of the Government Accounting Office denied plaintiffs request to waive the government’s salary overpayment claim against him pursuant to 5 U.S.C. §5584. Plaintiff filed his amended petition in this Court on May 30,1980.
It appears that there are many facts that are in dispute between the parties which the court cannot resolve. We mention some of them as follows. The plaintiff says that he was not given a hearing on the deductions that defendant proposed to make from his salary and other funds due him and that this denied him due process. The defendant says that the meeting of February 13, 1976, attended by the plaintiff and his attorney was such a hearing and that there was no denial of due process. The plaintiff contends that the outside professional services he performed were known to and approved by the va officials. The defendant denies that *896 this occurred, and says that such services were prohibited by statute and by va Regulations and that no official had authority to waive them. The plaintiff says that his outside services were consistent with his duties at the va hospital and did not interfere with them, all of which is disputed by the defendant. The defendant contends that applicable statutes and rules and regulations of the va required the plaintiff to work 40 hours a week as a full-time employee, but that he worked only 5/8 of those hours plus 1/8 in teaching at the University of Maryland Hospital, but was paid for full-time work. The plaintiff disputes these allegations and says he worked the full 40 hours per week at the va hospital during the period in controversy notwithstanding his outside services and that no deductions should be made by the defendant. There is also a dispute as to the correctness of the calculation made by the defendant as to the recoupment made with respect to the Physician Pay Bonus. The plaintiff argues that even if he violated applicable statutes and rules and regulations of the va by performing the outside services while a full-time va employee, he was subject only to disciplinary action and no financial deductions were authorized. This argument is disputed by the defendant and it contends that the deductions were fully authorized.
The foregoing differences between the parties as to the facts require us to remand the case to the trial judge for a trial on such issues and others which may exist. We express no opinion on any of such facts.
it is therefore ordered that the case is remanded to the trial judge for a trial consistent with this order.
On November 2, 1982 the court entered judgment for plaintiff for $7,500, with each party bearing own fees and costs.